UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**DONCEY FRANK BOYKIN,**         }
                                 }
    **Plaintiff,**              }
                                 }
v.                               }   Case No.:  1:14-cv-00957-RDP-JEO
                                 }
**JOHN T. RATHMAN,**             }
                                 }
    **Defendant.**              }

## MEMORANDUM OPINION

The Magistrate Judge filed a Report and Recommendation on February 3, 2015, recommending that this action, filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), be dismissed. The parties were allowed fourteen (14) days in which to file objections to the recommendations made by the Magistrate Judge. On February 19, 2015, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 10).

Plaintiff's objections are not fully comprehensible and do not appear to be responsive to the Magistrate Judge's Report and Recommendation. Those portions of Plaintiff's objections that the court can understand consist largely of conclusory restatements of arguments he has already presented. Plaintiff also attaches copies of orders entered in this and related cases. However, the evidence and arguments raised by Plaintiff were properly considered and correctly rejected by the Magistrate Judge, and Plaintiff's restatement of these arguments does not alter the recommendation made by the Magistrate Judge.

In addition, Plaintiff does not respond to the Magistrate Judge's conclusion that the statute of limitations bars this *Bivens* action. The court agrees with the Magistrate Judge that the

applicable two year limitations period bars Plaintiff's claim because Plaintiff was aware of his alleged injury no later than May 13, 2003 (when the state court vacated his guilty plea for second-degree robbery). However, he did not file this *Bivens* action until May 15, 2014.

In addition, the court agrees with the Magistrate Judge that even if Plaintiff's claims were timely (and, to be clear, they are not), they are still due to be dismissed under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff summarily challenges the Magistrate Judge's reliance on *Heck* because "it addresses the *Heck* problem, not this one." (Doc. 10 at 1-2). The court concludes that Plaintiff's objection is misplaced and that the Magistrate Judge properly applied *Heck*. As the Eleventh Circuit has held, *Heck* applies with equal force to *Bivens* claims as it does to § 1983 claims. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). In relevant part, *Heck* holds that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, Plaintiff must first have his conviction or imprisonment invalidated. *Heck*, 512 U.S. 486-87. Therefore, because Plaintiff's 2000 federal sentence has not been invalidated, his *Bivens* damages claims are not ripe. Furthermore, as the Magistrate Judge has indicated, Plaintiff can only challenge his 2000 federal sentence by way of habeas corpus, not (as he has attempted to do so here) by bringing a *Bivens* action.

Accordingly, after careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation, and Plaintiff's objections thereto, the court hereby **ADOPTS** the Report of the Magistrate Judge. The court further **ACCEPTS** the recommendations of the Magistrate Judge that the Plaintiff's claims are due to be dismissed.

A separate order in accordance with the Memorandum Opinion will be entered.

**DONE** and **ORDERED** this February 27, 2015.

                                                         **R. DAVID PROCTOR**
                                                       UNITED STATES DISTRICT JUDGE

Case 1:14-cv-00957-RDP-JEO   Document 11   Filed 02/27/15   Page 3 of 3